IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HUGHES, | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-55J |
| | ) | |
| PUSHKALAI PILLAI, M.D.; J. VISINSKY; | ) | Judge Arthur J. Schwab/ |
| A. FOMEL; S. BURKE; J. BEARD; ANY | ) | Magistrate Judge Amy Reynolds Hay |
| OTHER MEMBER OF THE PA DOC, | ) | |
| BUREAU OF HEALTH CARE SERVICES, | ) | |
| Defendants | ) | RE: Dkt. Nos. [11], [14] & [18] |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully submitted that the Plaintiff's motions for preliminary injunction be denied.

REPORT

Plaintiff, Robert Hughes, is a prisoner currently in the custody of the Pennsylvania Department of Corrections in the State Correctional Institution (SCI)at Albion.  He instituted this action *pro se* pursuant to 42 U.S.C. § 1983, initially filing the complaint in state court and asserting an 8th Amendment violation for deliberate indifference to his medical needs.  The Defendants removed the action to federal court where Plaintiff subsequently amended and supplemented his complaint, adding charges that he was being subjected to retaliatory segregation and transfer, in violation of his constitutional rights.  As well, Plaintiff has filed three motions for injunctive relief.  Dkt. nos. [11], [14] and [18].  In the first two motions, Dkt. nos.

[11] and [14], Plaintiff sought to enjoin the Defendants from placing him in segregation and from transferring him to another institution. In his third motion, entitled "Plaintiff's 'Supplemental' Motion for Preliminary Injunction," Dkt. [18], Plaintiff concedes that injunctive relief against the SCI Somerset defendants would be improper now since he has been transferred from that facility. Dkt. [18], ¶ 26. Further, he acknowledges that he has been released from segregation and placed in general population at SCI Albion. Dkt. [18], ¶ 23. Accordingly, it appears that Plaintiff has already obtained the relief requested in motions [11] and [14], rendering those motions moot.

Through his motion at Docket [18], Plaintiff seeks to prevent Defendant Beard (and his agents) from future acts of placing Plaintiff in segregation, transferring him to another institution, or removing him from single-cell status. Complaint, p. 4, "Relief" requested section.

The grant of injunctive relief "is an 'extraordinary remedy, which should be granted only in limited circumstances.' " Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)). To obtain a preliminary injunction, the moving party must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured pendente lite if relief is not granted . . .. Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994) (citations omitted). A preliminary injunction cannot be granted absent a showing of irreparable harm. Instant Air Freight Co., 882 F.2d at 800. The moving party must offer a "clear showing of **immediate** irreparable injury." ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)(emphasis

supplied) (district court's preliminary injunction vacated due to plaintiff's failure to show irreparable harm).  The claimed injury cannot merely be possible, speculative or remote. "Establishing a risk of irreparable harm is not enough."  ECRI, 809 F.2d at 226.  "The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat; [an injunction] may not be used simply to eliminate a possibility of a remote future injury.'"  Acierno, 40 F.3d at 655 (citations omitted).

In the instant case, there is no evidence on the record before the Court that Defendant Beard or any other person has threatened to place Plaintiff in segregation or transfer him or remove him from single-cell status.  Thus, there is no "clear showing of immediate irreparable injury" or a "presently existing actual threat."  Absent this showing, injunctive relief cannot be granted.  Acierno, supra.  Accordingly, the district court should deny Plaintiff's motions for injunctive relief.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                Respectfully submitted,

                /s/  Amy Reynolds Hay
                United States Magistrate Judge

Dated: 23 July, 2007

cc: Hon. Arthur J. Schwab
United States District Judge

Robert Hughes
AR-4652
SCI Albion
10745 Route 18
Albion, PA 16475

All counsel of record by Notice of Electronic Filing