IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HUGHES, | ) | |
| | ) | |
| Plaintiff | | |
| | ) | |
| vs. | ) | Civil Action No. 07-55J |
| | ) | |
| PUSHKALAI PILLAI, M.D.; J. VISINSKY; | ) | Judge Arthur J. Schwab/ |
| A. FOMEL; S. BURKE; J. BEARD; ANY | ) | Magistrate Judge Amy Reynolds Hay |
| OTHER MEMBER OF THE PA DOC, | ) | |
| BUREAU OF HEALTH CARE SERVICES, | ) | |
| | | |
| Defendants | ) | RE: Dkt. No. [41] |

## MEMORANDUM ORDER

The above-captioned prisoner civil rights action was received by the Clerk of Court on March 15, 2007, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges. The Magistrate Judge's Report and Recommendation, Dkt. [59], filed on February 29, 2008, recommended that Defendant Pillai's motion to dismiss be granted and that the Eighth Amendment claim against her be dismissed with prejudice and that the retaliation claim against her be dismissed without prejudice. The Report also recommended that, pursuant to the Prison Litigation Reform Act, all of the Eighth Amendment claims against the Department of Corrections ("DOC") defendants be dismissed with prejudice and that the retaliation claims against the DOC defendants be dismissed without prejudice. Plaintiff filed objections, Dkt. [60], to the Report and a brief in support thereof, Dkt. [61].

The Report itself is an adequate answer to Plaintiff's objections. Nonetheless, the Court

will respond briefly to some of those objections.

Plaintiff cites, inter alia, two cases in his objections, in support of his contention that Dr. Pillai's changing of his psychotropic medications from a benzo-class medication to another non-benzo-class medication constituted deliberate indifference. Plaintiff cites to Greason v. Kemp, 891 F.2d 829 (11th Cir. 1990) for the proposition that "a trier of fact can conclude that one who provides grossly inadequate psychiatric care to a prison inmate is deliberately indifferent to the inmate's needs." Dkt. [61] at 2, quoting Greason, 891 F.2d at 835. The court notes that Greason is not mandatory authority for this court and hence, is merely persuasive authority. Moreover, the facts of Greason are markedly different from the facts herein. In Greason, a prison psychiatrist completely discontinued the prisoner's psychotropic medication, despite the prison authorities receiving letters from experts who had treated and/or evaluated the prisoner or were familiar with the prisoner's case and who had urged that he be continued on the medication. As a result of being taken off the psychotropic medication altogether, Plaintiff committed suicide. Here, Plaintiff does not assert in his complaint that Dr. Pillai discontinued his psychiatric medication altogether, but merely that she substituted his benzo-class medication with another psychotorpic medication. This clearly distinguishes Plaintiff's case from Greason. Hence, the Greason case does not dictate the outcome herein. Nor does Greason persuade this Court to reject the Report.

The next case Plaintiff cites is Waldrop v. Evans, 871 F.2d 1030 (11th Cir. 1989) for the proposition that "whether an instance of medical misdiagnosis resulted from deliberate indifference or negligence is a factual question requiring exploration by expert witnesses." Dkt. [61] at 3. Again, Waldrop, being an Eleventh Circuit case is not mandatory but merely

2

persuasive authority. Second, even in the Eleventh Circuit, Waldrop's continuing viability has been questioned because it applied the wrong legal standard under the deliberate indifference test. See, e.g., Campbell v. Sikes, 169 F.3d 1353, 1365 n.9 (11th Cir. 1999)("*Waldrop* inquires whether there is evidence that the defendants' actions were grossly incompetent and violated professional standards, and it focuses on what a reasonable person in the defendants' position would have known. *Waldrop*, 871 F.2d at 1034-36. Thus, *Steele* was correct in hesitating to rely on *Waldrop 's* assessment of the evidence now that *Farmer* has clarified the subjective-intent requirement"). Given that Waldrop applied an incorrect standard, this court does not find Waldrop persuasive for any proposition, including Plaintiff's argument here.

Accordingly, Plaintiff's objections are overruled as to the Eighth Amendment claim against Dr. Pillai. The court notes that Plaintiff does not appear to specifically object to the Report's recommendation that the Eighth Amendment claim of deliberate indifference be dismissed against all of the DOC defendants.

Plaintiff also objects to the Report's recommendation regarding the retaliation claim. The Report correctly noted that Plaintiff filed his amended complaint to include the retaliation claim prior to completing any of the remedies that Plaintiff points to as satisfying his exhaustion obligation. Plaintiff essentially concedes that he did so but notes that with respect to the DC-ADM 802 remedies, the Chief Hearing Examiner only had two work days to rule on the appeal after receipt of the appeal, Dkt. [61] at 4 to 5; Dkt. [61-2], and that the Chief Hearing Examiner did not respond to Plaintiff until May 14, 2007. Plaintiff argues that it was the Chief Hearing Examiner who "procedurally defaulted" the claim. The trouble with Plaintiff's argument is that he fails to establish when the Chief Hearing Examiner received the appeal. Thus, it is entirely

possible that the Chief Hearing Examiner did, in fact, respond within two days of his receipt of Plaintiff's appeal. Moreover, the Report did not hold that Plaintiff procedurally defaulted his claim. Rather, the Report correctly noted that Plaintiff failed to exhaust his claim prior to bringing the federal action for retaliation and that Plaintiff's failure to do so required dismissal albeit without prejudice. Oriakhi v. U.S., 165 Fed.Appx. 991, 993 (3d Cir. 2006)("Oriakhi's administrative remedies were not exhausted prior to the initiation of suit. The fact that he completed the administrative review process before the District Court reached the exhaustion question is of no consequence. Indeed, there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court."). That Plaintiff did not hear back from the Hearing Examiner within 2 workdays does not excuse Plaintiff from the exhaustion rule. Accordingly, Plaintiff's objections to the report's recommendation to dismiss his retaliation claim without prejudice is overruled.[1]

Any objection not specifically addressed herein has been found to be without merit.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation and the objections, the following order is entered:

AND NOW, this 17 day of March, 2008;

**IT IS HEREBY ORDERED** that the case is dismissed pursuant to the Prison Litigation Reform Act.

---

[1] We note that neither in his response to Defendant Pillai's motion to dismiss, which first raised the failure to exhaust issue, nor before the Magistrate Judge, nor even in his objections to the report, has Plaintiff ever raised the doctrine of substantial compliance. Under these facts, we find any argument based thereon to have been waived.

4

**IT IS FURTHER ORDERED** that the Report and Recommendation, Dkt. [59], filed on February 29, by Magistrate Judge Amy Reynolds Hay, is adopted as the opinion of the court as supplemented by the Memorandum Order.

Arthur J. Schwab
United States District Judge

cc: The Honorable Amy Reynolds Hay
United States Magistrate Judge

Robert Hughes
AR-4652
SCI Albion
10745 Route 18
Albion, PA 16475

All counsel of record by Notice of Electronic Filing